UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10276-RWZ

NADIA JEAN-MICHEL

v.

BARBARA GUARINO

MEMORANDUM OF DECISION

July 11, 2005

ZOBEL, D.J.

In March 1994, a beauty salon owned by petitioner Nadia Jean-Michel was in a fire. Petitioner filed a claim for loss of business income, personal and business property with Aetna Insurance Company ("Aetna"), which was denied. As a result, petitioner filed suit against Aetna for failure to pay the claim. In connection with that lawsuit, petitioner was deposed, and she gave false answers while under oath to certain questions. Nonetheless, she won the lawsuit and was awarded $22,000.

On December 22, 1997, a state grand jury returned against petitioner eleven indictments with a total of forty-seven counts, which included charges of perjury based on her false deposition answers. Two others were also indicted. After a mistrial, the Commonwealth moved for trial on twenty-seven of the counts: insurance fraud, motor vehicle insurance fraud, workers' compensation fraud, larceny over $250, attempted larceny over $250, perjury, welfare fraud, obtaining and possessing a false driver's license, and failure to file tax returns. After the Commonwealth rested, the trial judge

allowed petitioner's motion for a required finding of not guilty as to one count of motor vehicle insurance fraud, one count of attempted larceny over $250, and one count of obtaining and possessing a false driver's license, but denied the motion as to the other counts. The jury returned guilty verdicts on the remaining counts. Petitioner was sentenced to terms of imprisonment and ordered to pay restitution to some insurance companies. Petitioner appealed. In an unpublished decision, the Appeals Court of Massachusetts affirmed the judgments. Commonwealth v. Nadia Jean-Michel, 781 N.E.2d 71 (Mass. App. Ct. 2003). The Supreme Judicial Court summarily denied petitioner's subsequent appeal. Commonwealth v. Nadia Jean-Michel, 786 N.E.2d 395 (Mass. 2003).

Petitioner has now filed a petition for writ of habeas corpus under 28 U.S.C § 2254 in this Court on two grounds: (1) ineffective assistance of counsel, and (2) the state's failure to meet its burden of proof on the perjury charge. Under 28 U.S.C. § 2254(d), an application for a writ of habeas corpus will not be granted unless the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

In support of the first ground, petitioner claims that she was denied effective assistance of counsel because her trial attorney "completely gave up the adversarial fight" by making the following statements in his closing argument: "Cases get tried for

many reasons, many reasons.  Sometimes it's because the issues are of guilt or innocence.  Sometimes there are other considerations." Initial Mem. at 8.

To succeed on this claim, petitioner must show first, that her lawyer "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment[,]" and second, that counsel's deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  More specifically, petitioner must show that counsel's representation "fell below an objective standard of reasonableness[,]" and there was a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694.

The Appeals Court found that "[t]he remark was ambiguous but it neither amounted to an abandonment of counsel nor conceded guilt." Commonwealth v. Jean-Michel, 781 N.E.2d 71 (Mass. App. Ct. 2003).  The Court also pointed out that after petitioner's counsel made these remarks, he urged the jury to find petitioner not guilty. Id.  It, therefore, ruled that petitioner's ineffective assistance of counsel claim failed.  This Court agrees.  Petitioner does not explain how the trial attorney's closing statements constitute an admission of guilt, nor does she articulate why in these circumstances, "prejudice must be presumed." Pet.'s Initial Mem. at 7.  Ground one is insufficient.

In ground two, petitioner argues that the state failed to meet its burden of proof as to the perjury charge.  A state prisoner who argues that "the evidence in support of his state convictions cannot be fairly characterized as sufficient to have led a rational

3

trier of fact to find guilt beyond a reasonable doubt" is essentially alleging a violation of his due process rights under the Fourteenth Amendment. Jackson v. Virginia, 443 U.S. 307, 315, 321 (1979). The issue is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.

   Petitioner claims that a reasonable juror could not conclude that any of her false deposition answers were material to the civil law suit she had filed against Aetna for failure to pay her claim. To establish perjury under Massachusetts law, the Commonwealth had to show that petitioner "being lawfully required to depose the truth in a judicial proceeding or in a proceeding in a course of justice, willfully [swore] or affirm[ed] falsely in a matter material to the issue or point in question." Commonwealth v. Jean-Michel, 781 N.E.2d 71 (Mass. App. Ct. 2003), quoting Mass. Gen. Laws ch. 268, § 1. The requirement of materiality is satisfied by proof that a false statement tends in reasonable degree to affect some aspect of the issue. Id.

   Petitioner gave false answers to questions seeking: 1) her birth date and social security number, 2) income earned after the fire, 3) whether her employees were licensed, and 4) the number of prior and subsequent insurance claims she had made. The Appeals Court observed that it would have been preferable for the Commonwealth to have introduced petitioner's complaint and Aetna's answer to establish the materiality of petitioner's false statements. Nonetheless, the court determined that the evidence at trial sufficiently established that the questions and petitioner's false answers were material to the issues in her civil trial. First, the questions about

petitioner's identity and history of insurance claims were material to the insurance company's investigation, proof of claims, potential defenses, and its assessment of petitioner's credibility.  Supp. Answer Exh. E at 31-32.  Second, the questions concerning her income were relevant to her motive to falsify the claim, or set the fire, and the extent of her lost income and ability to mitigate damages.  Id. at 30-31.  Finally, the questions concerning the licensing of her employees were relevant to the potential defense that she made material misstatements on her application.  Id. at 30.  Petitioner appears to assert that the evidence as to the nature of the claims at issue in the civil suit was "extremely thin," and, therefore, the jury could not conclude that the false answers were material to the suit.  Pet.'s Initial Mem. at 6.  However, she concedes that there was evidence that "the original insurance claim included loss of business income as well as lost business and personal property."  Id.  Given that there was evidence of the nature of the claims in petitioner's civil suit, and the possible defenses thereto, a reasonable juror could have concluded that petitioner's false deposition answers were material to the issues in the civil suit.  Therefore, ground two fails.

    Accordingly, the petition is denied.  Judgment may be entered for defendant.

_____        /s/ Rya W. Zobel
  DATE                             RYA W. ZOBEL
                                    UNITED STATES DISTRICT JUDGE